(108 So. 37)

### PILGRIM HEALTH & LIFE INS. CO. v. CARNER. (6 Div. 637.)

(Supreme Court of Alabama. April 15, 1926.)

1. **Insurance** ⊸530—**Policy, insuring life of holder to full amount only in case of death after one year, held in full force and effect from issuance as to provision for permanent disability payments.**

Insurance policy, which insured life of holder to full amount stipulated only in case of death after one year, *held* in full force and effect from date of issuance of policy and acceptance of first premium as to subsequent provision for total disability.

2. **Insurance** ⊸146(3) — **Insurance policies will be construed liberally in favor of insured and strictly against insurer.**

Insurance policies will be construed liberally in favor of insured and strictly against insurer, when they are reasonably susceptible of two constructions consistent with object of obligation.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Sim Carner against the Pilgrim Health & Life Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Vassar L. Allen, of Birmingham, for appellant.

Counsel argue for error in the judgment and cite Lane v. National, etc., Co., 198 P. 948, 109 Kan. 296; Chemical, etc., Co. v. Howard, 20 N. E. 92, 148 Mass. 352, 2 L. R. A. 168.

Beddow & Ray, of Birmingham, for appellee.

Insurance contracts are construed strictly against the insurer and favorably to the insured. National, etc., Co. v. Jackson, 92 So. 201, 18 Ala. App. 347; Ill. Auto Ins. Exch. v. Southern Motor Sales Co., 92 So. 429, 207 Ala. 265, 24 A. L. R. 734; Travelers' Ins. Co. v. Plaster, 98 So. 909, 210 Ala. 607; 32 C. J. 1152; Empire L. I. Co. v. Gee, 60 So. 90, 178 Ala. 492.

SAYRE, J. The action is for an annuity installment due, as the complaint alleges, under the terms of a policy of life and health insurance issued by appellant to appellee. The policy provides that:

"If the death of the insured shall occur within the first six months from the date of this policy, only one-fourth of the amount of insurance above stated will be payable; if the death of the insured shall occur after six months and before the end of one year from the date hereof, only one-half of said amount will be payable, and the full amount will be payable only if the death of the insured shall occur after the end of one full year from the date of this contract."

In a separate paragraph, under the heading "Total and Permanent Disability Benefits," it was provided:

"1. Annuity Benefits.—If prior to the date before the insured attains the age of sixty years and while this policy is in full force and effect and there is no default in payment of premiums beyond the four weeks grace period, the company receives satisfactory proof that the insured has become wholly disabled by bodily injury or disease so that he or she is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, the company shall at the end of six months after the receipt of proofs of such disability, pay to the insured the sum of one hundred dollars ($100.00) and a like amount at the end of each year thereafter during the continuance of such disability, for a period of not more than five consecutive years. Each annual installment so paid shall reduce to that extent the amount of insurance hereunder and whenever the total amount of such annual installments, together with the amount of any and all other indebtedness shall equal the face amount of this policy, then the company's obligation under this policy shall be fully satisfied without further action."

Also:

"3. Recovery from Disability.—Should the company accept under this policy proofs of disability, it may nevertheless at any time thereafter, and from time to time, but not oftener than once each year, demand of the insured proofs of such disability, and upon failure to furnish such proofs, or if it appears that the insured has become able to engage in any occupation whatsoever for remuneration or profit, no further premium shall be waived and no further installment payments will be made by the company. But if the amount of insurance shall then have been reduced under the foregoing provisions, such reduced amount of insurance shall thereafter be the face amount of this policy, and the premiums thereafter falling due will be reduced in proportion to the reduced amount of insurance."

[1, 2] The decision turns upon the proper construction of the phrase "while this policy is in full force and effect," as shown in the second excerpt copied above. Defendant's contention is that, as affecting benefits se-

---

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cured in case of total and permanent disability, the phrase should be taken to intend that the disability insured against must occur after the lapse of one full year from the date of the policy, and the argument for that contention is found in the first excerpt copied above, where, it will be noted, the policy insures the life of the holder to the full amount stipulated only in case death ensues after the lapse of one full year. If the policy intends some like limitation of liability in case of a claim under the total disability clause, it falls far short of making its intention equally plain. There is no need to lay particular stress upon the proposition that policies of insurance will be construed liberally in favor of the insured and strictly against the insurer, which is the rule applied when the policy is reasonably susceptible of two constructions consistent with the object of the obligation (Travelers' Ins. Co. v. Plaster, 98 So. 909, 210 Ala. 607), though that rule might be utilized in support of a decision in favor of plaintiff, appellee. We think an even better solution, a fairer reason for admitting plaintiff's contention, is found in the language of the concluding clause of the second excerpt and in the third excerpt, supra, whereby is limited the promise, made in the forepart of the second excerpt, to pay the insured $100 per annum for 5 years—$500 being the full amount of the insurance provided for—in the event of total permanent disability. The stipulations of the policy referred to make provision for the continued life of the policy, under which payments for total disability have been made, when the policy owner recovers from his permanent disability—as no doubt they sometimes do—but for a reduced amount of insurance and for reduced premiums. It seems fair to assume that, if the policy writer had intended that there should be no insurance against permanent disability by reason of accident or disease during the first year of the life of the policy, he would have stated his proposition in language which would have left no reasonable ground for doubt as he did in the first excerpt when providing that payments on account of death within one year from the date of the policy should be made on a reduced scale. This, we think, is the natural construction of the language of the policy. The expression, "and while this policy is in full force and effect," is a mere pleonasm, as indeed is the equivalent expression, "and there is no default in payment of premiums beyond the four weeks grace period," both of which might have been omitted without in the least affecting the meaning or operation of the policy, because its continued life was in other parts made clearly to depend upon the payment during the life of the insured of the specified weekly premiums. As we are able to see it, the policy in question was in full force and effect from the moment when the first premium was accepted and the policy issued.

The policy was correctly construed in the trial court, and its judgment must be affirmed.

Affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.