(110 So. 275)

### MUTUAL LIFE INS. CO. OF NEW YORK v. BARRETT.   (6 Div. 707.)

(Supreme Court of Alabama.   Oct. 28, 1926.)

I. Contracts &ComonS;147(1).

Purpose of interpreting contract is to arrive at mutual understanding of parties.

2. Insurance &ComonS;146(3).

Contracts of insurance are to be liberally construed in favor of insured, and, if doubtful, they will be construed against insurer.

3. Insurance &ComonS;146(3).

Rule that contracts of insurance will be construed favorably to insured is applicable, when contract is reasonably susceptible of two constructions consistent with its object.

4. Insurance &ComonS;400—Date of issuance of policy named in suicide clause, which was actual date of issuance, held to control in determining one-year period, during which insurer was not liable in case of suicide, although policy was dated earlier to give smaller premium rate.

Where life policy set date of issuance in suicide clause as date of actual issuance of policy, such date governed in determining one-year period during which insurer was not liable in case of suicide by insured, although policy was otherwise dated back to give insured benefit of smaller premium.

5. Insurance &ComonS;141(4).

Insured is presumed to enter into contract with full knowledge of its plain meaning, and, in absence of fraud or deceit, court cannot remake contract for benefit of beneficiary who is bound by its terms equally with insured.

6. Insurance &ComonS;146(2).

Terms of policy constitute measure of insurer's liability.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action on a policy of life insurance by Lydia B. Barrett against the Mutual Life Insurance Company of New York. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Frederick L. Allen, of New York City, Bradley, Baldwin, All & White, and Wm. Douglas Arant, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

Policies of insurance must be construed as other contracts, and only if ambiguous will it be construed most strongly against the insurer. Ala. Gold L. I. Co. v. Thomas, 74 Ala. 578; Imperial F. Ins. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231; 1 Joyce, Ins. (2d Ed.) § 208; Hearin v. Standard L. Ins. Co. (D. C.) 8 F.(2d) 202; Mutual L. Ins. Co. v. Kelly, 114 F. 268, 52 C. C. A. 154; Hawkeye C. M. A. v. Christy (C. C. A.) 294 F. 208, 40 A. L. R. 46; St. Paul F. & M. Ins. Co. v. Ruddy (C. C. A.) 299 F. 189.

Goodwyn & Ross, of Bessemer, for appellee.

The conditions of the policy are to be construed liberally in favor of the assured, and strictly against the insurer. Ala. Gold L. I. Co. v. Johnston, 80 Ala. 467, 2 So. 125, 59 Am. Rep. 816; Mutual L. I. Co. v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860; Union Mutual Aid Ass'n v. Carroway, 201 Ala. 414, 78 So. 792; 32 C. J. 1152, 1165. The date of issue of the policy was May 18, 1924. Code 1923, § 8371; Cherokee L. I. Co. v. Brannum, 203 Ala. 145, 82 So. 175.

SAYRE, J. Action on a policy of life insurance. On September 4, 1924, insured applied to appellant for a policy of insurance on his life. On the 19th day of the same month the policy in suit was delivered to him, and on that date the first annual premium was paid. The second annual premium was paid May 18, 1925. The policy was dated May 18, 1924, and, thus dated, carried an annual premium of $158.73, whereas, if it had been dated as of September 4, 1924, the date of the application, it would have carried an annual premium charge of $166.05; such premium charge being determined by the age of insured at his nearest birthday. Insured died by his own hand August 2, 1925. The date written in the policy was determined in agreement with a ruling of the department of insurance, of force then and afterwards, as follows:

"Effective as of this date back dating of policies to arrive at a younger age is permissible; provided that the assured shall in no event be made to rate at an age more than one year younger, according to his age at next birthday,

than his age at the time of his application; and provided further that the full amount of the regular annual premium for the whole period covered by such back dating be included and collected."

At the top of insured's application were written these words: "Date policy, May 18, 1924. Age, 52." Insured would have reached the age of 53 on November 18, 1924.

The policy contained these provisions:

"Suicide.—The company shall not be liable hereunder in the event of the insured's death by his own act, whether sane or insane, during the period of one year after the date of issue of this policy."

"The 'date of issue' mentioned in the clauses herein entitled 'Occupation,' 'Suicide,' and 'Incontestability' * * * is the 16th day of September, 1924."

And was subscribed:

"In witness whereof, the company has caused this policy to be executed this 18th day of May, 1924."

The result of this appeal turns upon the meaning to be assigned to the collocation of words "date of issue" in the suicide clause quoted above.

[1-3] It is a commonplace of the law of contracts in general that the purpose of all interpretation is to arrive at the mutual understanding of the parties. And of contracts of insurance in particular the courts generally have declared that they shall be liberally construed in favor of the insured, and that, if doubtful, they will be construed against the insurer. But there is hardly any need to say that this does not mean that the courts will make contracts for parties, but only that the rule of favor will be applied when the policy, the subject of construction, is reasonably susceptible of two constructions consistent with the object of the obligation. Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909; Pilgrim Health & Life Ins. Co. v. Carner, 214 Ala. 408, 108 So. 37. Appellee quotes with emphasis a statement which is found in 32 C. J. p. 1165, § 277:

"A construction which gives insured insurance for a less period of time than that covered by the premium which he has paid should not be adopted."

This on the authority of Johnson v. American Central Life Ins. Co., 212 Mo. App. 290, 249 S. W. 115. In that case, we note, the party claiming under the policy contended that it became a contract upon defendant's acceptance of the premium, while the insurance company sought to postpone the date on which it went into effect. But, aside from that, we find no reason to doubt the justice of the court's observation. And in the present case, insured having applied for a policy on September 4, 1924, it would be a matter of great difficulty to state a plausible reason for holding that he was insured from May 18, 1924, and a matter of difficulty also to hold that the stipulated period of defendant's exemption from liability on account of suicide began before its liability as an insurer.

[4-6] Appellee would date the period of defendant's exemption from liability on account of suicide from the date written in the policy, notwithstanding the policy, anticipating some such contention, expressly provided that the "date of issue" mentioned in the suicide clause was September 16, 1924, which was the day of actual issue. The fact is, the policy was dated back for the purpose of giving insured the benefit of a smaller annual premium rate during his lifetime, that is, his expectancy, and the fact that insured destroyed himself before he began to realize the benefit of the fictional date cannot be allowed to interfere with other clearly expressed stipulations of the contract. This construction of the contract—if construction it may be called, since its terms are plain—gives force and effect to the suicide clause according to its obvious purpose and policy. Insured entered into the contract with full knowledge of its plain meaning, it must be presumed, and the court cannot, in the absence of fraud or deceit pleaded, remake it to meet the views of the beneficiary named therein who is as much bound by its terms as was the insured. Alabama Gold Life Ins. Co. v. Thomas, 74 Ala. 582. The terms of the policy constitute the measure of the insurer's liability. It appears without dispute that the contract was terminated by the act of the insured, and there can be no right of recovery in his named beneficiary. Imperial Fire Ins. Co. v. Coos County, 151 U. S. 462, 14 S. Ct. 379, 38 L. Ed. 231.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.