## LEMUEL P. TITTSWORTH v. OHIO NATIONAL LIFE INSURANCE COMPANY.

Middle Section.    October 29, 1927.

Petition for Certiorari denied by Supreme Court, February 4, 1928.

1. **Insurance.   There can be no implication in insurance contract.**
It is well settled that it is against the policy of this State to permit implications in insurance contracts.   As to contracts of life insurance it is expressly provided by chapter 441 of the Acts of 1907, section 327a1 of Shannon's Code, that the entire contract of insurance shall be contained in the policy.

2. **Insurance.   Where insurance contract does not require insured to submit to operation he is not compelled to do so.**
In an action to recover on certain insurance policies where the insurance company urged that the insured could remove his disability by submitting to a simple operation and therefor the company was not liable because of his refusal to do so, held such requirement of a surgical operation, though a minor one and reasonable, under any circumstances, not being contained in the stipulations of the written contract, the defendant Insurance Company is not entitled to take advantage of the failure or refusal of the insured to submit to such an operation.

3. **Insurance.   Statutory penalty is a penal statute and must be strictly construed.**
Under the statute allowing a penalty against an insurance company where it refuses in bad faith to pay promptly, held the penalty is not recoverable for an unsuccessful defense if made in good faith.

4. **Insurance.   Evidence.   Evidence in instant case.**
In an action to recover on an insurance policy under the disability clause, where the evidence showed that insured had been injured and was unable to work but that all doctors who examined him agreed that his disability could be removed by a simple operation, held that he was not compelled to undergo the operation and the company was liable on its policy.

Appeal from Chancery Court, De Kalb County; Hon. W. R. Officer, Chancellor.

Affirmed.

R. L. Turner, of Smithville, for appellant.

J. E. Drake, of Smithville, for appellee.

DeWITT, J.   This cause involves the right of an insurance company to withhold the payment of disability benefits under two insurance policies, on the ground that the insured refuses unreasonably to submit to a surgical operation, which it is alleged would remove the physical disability.   The Chancellor held in denial of this claim of right, and rendered a decree for the amount of the stipulated benefits to the date of the decree.   The complainant, a farmer, forty-

six years of age, obtained on April 28, 1924, two policies of insurance, one for $2000 and the other for $3000, from the defendant Life Insurance Company. Both of said policies were complete protection endowment policies, nonparticipating, maturing in thirty-nine years. He paid the premiums thereon, including the additional premiums for the following supplementary provisions:

"If the insured under the policy to which this is attached, shall notify the company prior to attaining the age of sixty (60) years and while said policy is maintained in force, by the payment of premiums, that he has been so disabled by bodily injury or disease as presumably to be permanently, continuously and wholly prevented for life 'from pursuing any and all gainful occupation; the company upon receipt of satisfactory proof of such disability, will waive the payment of premiums as and when they become due under said policy during the continuance of such disability, and the values in the tables "Of Guaranteed Values" in said policy shall increase from year to year in the same manner as if the premiums were paid by the insured, and without impairment or reduction of the face or other values of the policies, the company will pay the insured or his legal representatives one per cent per month of the amount insured under such policy, the first payment to be made at the end of ninety days from the commencement of such disability and a like amount the first day of each succeeding month, such payments to continue during the life time of the insured, or until the maturity of said policy as an endowment.'

"The company shall have the right to examine the person of the insured, at all reasonable times, after receiving notice of disabilty, and shall have the right from time to time, but not oftener than once a year, during the continuance of the monthly payments provided for herein, to demand and receive proof of continuance of disability."

"Should the insured recover so as to be able to engage in any gainful occupation, the premiums thereafter falling due shall be paid by the insured in conformity with the policy, and the monthly payments, provided for herein shall cease. There shall however, be no obligation on the insured to repay the monthly payments already made or the premiums already waived hereunder."

"If at the end of any policy year the insured shall request in writing the anulment of this provision, the annual premium named in the policy to which it is attached shall be reduced by $8.40."

On July 9, 1924 the complainant was kicked on the leg by a horse and in endeavoring to avoid the kick he struck his back against a

wagon and suffered a fracture or dislocation of the coccyx, which is the last bone of the spinal column, formed by the union of four rudimentary or undeveloped vertebrae. By this injury he was disabled from doing any work. On November 25, 1924 he became confined to his bed and remained in bed for more than two years, when he again began to improve and sit up and go about his premises on crutches.

After his injury, the complainant notified the defendant Life Insurance Company of the injury and disability, and after an examination by his family physician the defendant paid to him the disability benefits for four months, as provided in said policies. Then upon examination by physicians he was advised that an operation was the only remedy for curing the disability. Another physician advised him not to have the operation performed, as it would cause a loss of control of the bowels, but that he would ultimately get well. He refused and still refuses to submit to the operation. Upon his refusal the defendant declined to pay further any monthly benefits, on the ground that the disability was only rendered presumably permanent and total by the conduct of complainant in refusing to submit to a minor operation, one which it is insisted is attended with no degree of danger.

The complainant was also examined by Doctors Owsley Manier, G. M. Allison and L. D. Cotton. From the testimony of these and other physicians and surgeons of skill and experience, it appears clearly that when properly performed an operation, using a local anesthetic for removal of the bones of the coccyx, would result in removing the disability, would restore the complainant to health, and would not interfere with the function of the muscles controlling the rectum. It also appears that it is very unlikely that the complainant will ever recover fully without such operation. Of course any operation would be attended with some danger from infection, but when properly performed by a surgeon of skill and experience, and under proper circumstances, this danger would be very small.

It is therefore insisted that the continuing disability of the complainant is not due to the accident, but to his unreasonable refusal to have performed an operation which would restore him to sound condition; that it is his duty thus to prevent any aggravation or continuation of the disability; that upon him is the duty to take such steps to restore himself to sound condition as an ordinarily careful and prudent man would take under such circumstances. The question thus presented is not controlled by the rule applied in cases arising under the Workmen's Compensation Act, for this Act contains in section 25 thereof, a provision which obligates the employer to furnish and the employee to accept such medical and surgical treatment as may be reasonably required. In Sun Coal v. Wilson,

147 Tenn., 118, 245 S. W., 547, this provision of said Act was applied so that an injured employee suffering from hernia and refusing to have an operation performed which would cure it, was denied compensation provided in the Act. The court held that the proposed operation was reasonably required; that reason and common sense dictated that the claimant submit to a surgical operation; but the court also said:

"We do not wish to be understood as holding that, under all circumstances, a claimant should submit to an operation when so requested by the employer, but we have not a case here where the operation is serious or dangerous, or where 'the physicians disagree as to the advisability of an operation.'"

Nor is this case analogous to that of a plaintiff suing for damages for personal injuries, who refuses unreasonably to submit to a surgical operation, for in such case it is the duty of the plaintiff to mitigate the damages by submitting to such operation, following the advice or instructions of a physician or surgeon. In such case it is generally held that the proximate cause of the injury or disability at present existing, is at least in part the plaintiff's own wilfulness or neglect. See Donovan v. New Orleans Railway & Light Co., 132 La., 239, 61 S. W., 216; 48 L. R. A. N. S., 109 and notes thereunder.

In this case the complainant seeks to recover upon a contract of insurance. This contract contains no provision, express or implied, that in case of injury or disability the insured will submit to a surgical operation. It is probably presumed that the insured, out of a motive of self-protection or self-preservation, would obtain such medical and surgical treatment as would be necessary; but this matter is left open in the contract. It is not the subject of any stipulation. It is a matter which the insured is left to determine for himself; and if he, through apprehension, or for any other cause, has determined that he will not submit himself to an operation, he is under no contractual obligation to do so.

It is well settled that it is against the policy of this State to permit implications in insurance contracts. As to contracts of life insurance it is expressly provided by chapter 441 of the Acts of 1907, section 3275a1 of Shannon's Code, that the entire contract of insurance shall be contained in the policy. Jackson v. Loyal Additional Benefit Association, 140 Tenn., 495, 205 S. W., 318; Arnold v. Insurance Co., 131 Tenn., 720, 177 S. W., 78; Fields v. Metropolitan Life Insurance Company, 147 Tenn., 464, 249 S. W., 798, L. R. A., 1915 E. 363. Such requirement of a surgical operation, though a minor one and reasonable, under any circumstances, not being contained in the stipulations of the written contracts, the defendant insurance company is not entitled to take advantage of the failure or refusal of the insured to submit to such an operation.

The Chancellor also held that the refusal of the defendant to pay the amounts of the benefits after demand had been seasonably made, was arbitrary, and he included in his award a penalty to cover the expenses for services of counsel, etc., which he was forced to incur in instituting and prosecuting this suit. Under the statute, Shannon's Code, sec. 3369a142, a penalty is not recoverable for an unsuccessful defense, if made in good faith. Grain Co. v. Weaver, 128 Tenn., 609, 163 S. W., 814. Nor is it recoverable upon the ground that the insurance company and its counsel should know that the law fixed its liability, in view of the fact that they are many legal questions on which the courts are in hopeless conflict, so that the failure to know the law in such cases does not constitute bad faith in refusing to pay, although the court may ultimately hold the company liable. Silliman v. Insurance Co., 135 Tenn., 646, 188 S. W., 273. The statute allowing a penalty where liability is denied in bad faith is a penal statute and must be strictly construed. Insurance Co. v. Kirkpatrick, 129 Tenn., 55, 164 S. W., 1186; De Rossett Hat Co. v. Insurance Co., 134 Tenn., 199, 183 S. W., 720; Kimball v. Parks, 151 Tenn., 103, 268 S. W., 117. We have been unable, after diligent search, to find a reported case dealing with this question of right of an insurance company to refuse payment because of the refusal of the insured to submit to a surgical operation. The opinion of our Supreme Court in Sun Coal Co. v. Wilson, supra, contains much discussion upholding the reasonableness of refusing workmen's compensation under such circumstances. While the liability in this case is clear, we think that the insurance company was justified in submitting the question of liability to the courts for adjudication. The decree of the Chancellor will therefore be affirmed, with the modification that the amount awarded will be reduced by the amount of the penalty. A decree will be entered in this court in favor of the complainant against the defendant and the surety on its appeal bond for the sum of $736.25, with interest from May 11, 1927, the date of the decree of the Chancellor. The costs of the appeal are adjudged against the defendant and the surety on its appeal bond.

Faw, P. J. and Crownover, J., concur.