SOVEREIGN CAMP, W. O. W., v. THOMAS.

(Division B. Oct. 22, 1934.)

[157 So. 83. No. 31389.]

E. M. Livingston, of Louisville, for appellant.

**W. A. Strong, Jr.,** of Louisville, and **D. E. & J. T. Crawley,** of Kosciusko, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On June 2, 1905, Edward H. Thomas became the holder of a certificate of life insurance for one thousand dollars in appellant society, which certificate was validly maintained until June 13, 1929, when by agreement between the parties a new certificate in the same sum was issued in the form of an "ordinary whole life certificate," with appellee as the sole beneficiary. To maintain this substituted certificate monthly premiums of three dollars and ten cents were required, and which were thereafter paid by the insured until, but not after, March 31, 1931. The insured died on October 18, 1932. The certificate last mentioned contained nonforfeiture, and extended insurance provisions to the effect that, at the end of the third certificate year, the policy would, upon default of payment of premiums, carry insurance in force for the additional period of two years and three hundred and five days. If, therefore, this nonforfeiture and extended insurance provision had come into operative effect, on

March 31, 1931, when the last premium was paid, the extended period of insurance was sufficient to carry the policy beyond the date of death, which, as said, was October 18, 1932.

The application for the new certificate, which appears to have been signed on May 29, 1929, contained, among others, the following terms: "The new certificate is to become effective on the first day of June, 1929, and to bear the date of June, 1927 and age of forty-eight. It is understood that withdrawal values, if any, on the new certificate will be available to me only after I have made payments on said new certificate for three years from the date thereof." And the certificate or policy contained the following specific stipulation: "The nonforfeiture values shall be computed as if this certificate had been issued on the first day of June, 1927." At three other places in the policy, however, there were provisions to the effect that the non-forfeiture values should become applicable only after "thirty-six monthly payments on this certificate shall have been made," one of these provisions being more specifically that "the cash, loan, paid-up and extended insurance values shall not become available until three years from the date of issue, as set forth on page one hereof," and on turning to page 1 there is the following recital: "Issued at Omaha, Nebraska, this 13th day of June, 1929." Thus the question to be decided is whether the thirty-six month period which is necessary to put the nonforfeiture and extended insurance provisions into force is to be computed from June 1, 1927, or from June 13, 1929.

It will be seen from the statement of facts that this precise question was before the Supreme Court of Alabama in Higgins v. Sovereign Camp, 224 Ala. 644, 141 So. 562, and that the court held that the computation is from the first date; that is to say, the date specifically mentioned in the policy, and which accords with the

terms of the application, as the date to which that computation is to be referred, and not the mere date of the issuance of the policy. We have studied the opinion in the Higgins case, and are in accord therewith. The same conclusion has been announced by other courts. Sovereign Camp, W. O. W., v. Hardee (Ark.), 66 S. W. (2d) 648; Jones v. Sovereign Camp (Tenn. App.), 67 S. W. (2d) 159; Daly v. Sovereign Camp, 226 Mo. App. 629, 44 S. W. (2d) 229; Dudley v. Sovereign Camp, 205 N. C. 394, 171 S. E. 352. It follows, therefore, that the decree of the chancellor adjudging that the policy was in force at the date of the death is correct, and will be affirmed.

Affirmed.