167 So. 268
**VOLUNTEER STATE LIFE INS. CO. v. WEAVER.**

**2 Div. 73.**

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

Mallory & Mallory, of Selma, for appellant.

W. R. Rountree, Jr., and Pitts & Pitts, all of Selma, for appellee.

THOMAS, Justice.

The question raised by sustaining demurrers to pleas and rejection of evidence present the question for decision, viz.: The policy sued on being silent, is the plaintiff under legal duty to submit to treatment prescribed and advice given by physicians, which he is informed would arrest or relieve his disability?

There are established rules to be observed in this decision: (1) That liability of the insurer and the right of recovery by the insured must be determined by the clear and unambiguous language of the policy (if so expressed); and (2) when liberally construed shall be in favor of the insured; (3) that where a contract is susceptible of two constructions, that will be adopted which is favorable to assured. Mutual Life Ins. Co. of New York v. Barrett, 215 Ala. 142, 110 So. 275; Gilliland v. Order of Ry. Conductors of America, 216 Ala. 13, 112 So. 225; Higgins v. Sovereign Camp, W. O. W., 224 Ala. 644, 141 So. 562; Mutual Ben. Life Ins. Co. v. O'Brien (Ky.) 116 S.W. 750. Stated otherwise, the court must give effect to all policy provisions, "liberally construed in favor of the assured, but strictly against the insurer." Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399, 404; Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909; Ellis v. New York Life Ins. Co., 214 Ala. 166, 106 Ala. 689.

There are two lines of decisions on the question presented for determination. Jefferson Standard Life Ins. Co. v. Hurt, 254 Ky. 603, 72 S.W.(2d) 20, 23, Maresh v. Peoria Life Ins. Co., 133 Kan. 191, 299 P. 934, Tittsworth v. Ohio Nat. Life Ins. Co., 6 Tenn.App. 206, set out in brief of counsel, and 86 A.L.R. 360. The contrary view is fully expressed in Cody v. John Hancock Mutual Life Ins. Co., 111 W.Va. 518, 163 S.E. 4, 86 A.L.R. 354.

Under our rules of construction of life insurance contracts, we hold that the language employed in the policy, and the failure to stipulate for such requirement on the part of the insured, do not justify application of the rule minimizing damages by a compliance with the treatment prescribed or suggested by physicians. Such was not the contemplation of the parties when the insurance contract was prepared by defendant, delivered, and accepted by the plaintiff. Insurance policies are construed as contracts definitely fixing the insurer's liability and measuring the insured's rights to a recovery. Mutual Life Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, L.R.A. 1918D, 860. The liability of the insurer and the right of recovery by the insured must be determined by the language of the policy [Mutual Ben. Life Ins. Co. v. O'Brien (Ky.) 116 S.W. 750; Jefferson Standard Life Ins. Co. v. Hurt, 254 Ky. 603, 72 S.W.(2d) 20, 23]; and should defendant so desire to limit its liability, it has the right of insertion of such limitation of liability, the same not being unreasonable, illegal, or contrary to public policy. Supreme Commandery of Knights of Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am.Rep. 332; Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 226 Ala. 226, 230, 146 So. 387. We have not extended the rule of limitation of liability beyond that of suicide justified under the public policy that obtains. It did not so limit. Neither have we extended the rule of limitation of liability to that insisted upon. See authorities cited in United Order of Golden Cross v. Overton, 203 Ala. 335, 83 So. 59, 13 A.L.R. 672; Missouri State Life Ins. Co. v. Stuckey, 224 Ala. 590, 141 So. 246.

The rulings of the circuit court are free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.