PRAETORIANS *v*. McCRARY.

(In Banc. May 26, 1941. Suggestion of Error Sustained Sept. 22, 1941.)

[3 So. (2d) 832. No. 34601.]

Jacobson, Snow & Covington, of Meridian, for appellant.

Eugene Seale and Walker Broach, Jr., both of Meridian, for appellee.

Jacobson, **Snow** & **Covington,** of Meridian, for appellant, on suggestion of error.

**Eugene Seale** and **Walker Broach, Jr.,** both of Meridian, for appellee, in reply to suggestion of error.

Argued orally by **Eugene Seale** and **Walker Broach, Jr.,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

There was a peremptory instruction granted in the Circuit Court of Lauderdale County in favor of the appellee, Mrs. Julia McCrary, against the appellant, the Praetorians, a life insurance company, for the recovery of the face value of an insurance policy on the life of her son, D. L. McCrary, in the sum of $1,000, with accrued interest, less an indebtedness in the sum of $33, representing a full cash or loan value of the policy at the time the indebtedness was incurred.

The defense is that the policy was forfeited for nonpayment of the premiums at a time when no cash or loan value remained with which to continue the insurance in force until the date of the insured's death. The policy was issued on March 13, 1931, and at the end of four years thereafter, its cash or loan value is stipulated to be the sum of $33. On January 4, 1935, the insured secured a loan thereon for this amount in full, executed a loan agreement therefor payable upon written demand, and from which loan there was deducted the sum of $1.98 as interest for one year in advance, together with a further sum of $9.70 for five monthly premiums then accrued and to accrue up to and including the fourth anniversary date of the policy on March 13, 1935, and the payment of all of which premiums was therefore necessary in order to make the cash or loan value in the sum of $33 available to the insured as of its said fourth anniversary date, but the net proceeds of which loan was advanced to the insured prior thereto. Default was then

made in the payment of the monthly premium due in April 1935, and no premium for any month was paid after the fourth anniversary date of the policy on March 13th of that year. Thereafter, the insured died on December 20, 1935, before the next annual payment of interest became due on the loan, and hence without any default having been made in the performance of the loan agreement.

It may be conceded that if the loan had not been made, the cash or loan value of $33, representing the full reserve on the policy would have been sufficient to keep the insurance in force some time beyond the death of the insured, notwithstanding the default in the payment of the monthly premium due in April, 1935, and thereafter, for the reason that it would have been the duty of the insurance company in such event to use the reserve for the purchase of extended insurance upon the failure of the insured to exercise either the option given him in the policy, (1) of surrendering the policy for cancellation and payment to him of its cash value, after default in the payment of any such premium; or, (2) to receive the paid-up insurance therein provided for. But, in view of the fact that he had already received the full reserve or cash value as a loan on the policy, there was nothing left with which the insurance company could purchase for him any extended insurance. The policy therefore lapsed upon default in payment of the monthly premium due in April, 1935, and within the period of grace allowed therefor. Thereupon, all rights of the parties under the policy expired except the right of the insurance company, reserved by the terms of the contract, to deduct the indebtedness from the amount which would have then constituted the reserve or cash value had the loan not been made, and except the right of the insured to have the policy reinstated during his lifetime ''by submitting satisfactory evidence of health and insurability and upon payment of all arrears'' at the time of any application

for reinstatement, and under the terms and conditions thus stipulated for such reinstatement.

It is expressly provided by the terms of the policy that no loan "shall avoid the insurance hereunder unless the loan and other accrued indebtedness herein shall equal or exceed the cash value when the loan is due or when there is default in the payment of premiums." That is to say, if the indebtedness equals or exceeds the cash or loan value, either when the loan is due or at such time as there is a default in the payment of the premiums, the policy becomes of no further force and effect. When the default was made in the payment of the premium due in April, 1935, the indebtedness did in fact equal the then cash or loan value. If it had been less than the cash or loan value, the insured was given the option upon default in the payment of such premium, (1) to surrender the policy for cancellation and receive the difference; (2) to surrender the policy for paid-up insurance; and (3) to have the policy endorsed for extended insurance. And, it is provided that if the insured should fail for sixty days after such default in the payment of the premium to exercise either of the options above mentioned, then the third option would become effective automatically, but it is also provided that any indebtedness will be deducted if option number one is selected and will reduce the amounts under options two and three in the proportion that the indebtedness bears to the cash or loan value. Therefore, the indebtedness having equaled the cash or loan value, its deduction therefrom would of course have the effect of completely extinguishing the benefits that would have otherwise been available to the insured. In other words, if instead of either surrendering the policy and taking its reserve or cash value in settlement, or taking paid-up insurance or extended insurance, the insured decides to borrow the full amount of such reserve or cash value, he can keep his policy in force only by paying his premiums thereon and the annual interest on his loan each year in advance. If he makes default either in

the payment of a premium after borrowing the full reserve or cash value or in paying the annual interest on his loan each year in advance, the policy becomes lapsed. Fidelity Mutual Insurance Company v. Oliver, 111 Miss. 133, 71 So. 302; Neal v. Columbian Mutual Life Assurance Society, 161 Miss. 814, 138 So. 353.

It is therefore necessary that we withdraw the former opinion rendered herein and set aside the judgment entered on May 26, 1941, sustain the suggestion of error, and reverse the action of the court below and render judgment herein in favor of the appellant, in accordance with the views herein expressed.

The suggestion of error is therefore sustained, the judgment of the court below reversed, and judgment is rendered here for the appellant.

It is so ordered.

### DISSENTING OPINION.

**Anderson, J.**, delivered a dissenting opinion.

I adhere to the opinion in this case affirming the judgment and adopt it as my dissenting opinion from the judgment of the majority of the Court sustaining the suggestion of error. The opinion referred to is as follows:

"Appellee, Mrs. Julia McCrary, brought this action in the circuit court of Lauderdale County against appellant, the Praetorians, a life insurance company, on a life policy payable to her, to recover the sum of $1,000 with interest, the sum payable to her by the terms of the policy upon the death of the insured, D. L. McCrary. The declaration made the policy an exhibit thereto and alleged that insured had died and the insurance company had refused to pay the plaintiff the amount provided in the policy. The cause was tried on the pleadings and evidence oral and written. At the conclusion of the evidence on request of the plaintiff, the Court instructed the jury to return a verdict for the amount sued for with interest, which was done. From that judgment the insurance company prosecutes this appeal.

"The defense was that the policy was forfeited by nonpayment of premiums. The material facts are undisputed. The insured was a son of the beneficiary. The policy had been in force more than four years. It was dated the 13th of March, 1931. On January 14, 1935, the insured secured a loan thereon of $33, executing a loan agreement therefor. At that time the cash loan value of the policy, according to its terms, was $33. The loan was made due January 14, 1936, one year after it was made. The premiums on the policy were annual, $22.35; semi-annual, $11.55; quarterly, $5.80; monthly, $1.95. The premiums on the policy were paid up to April 1, 1935. None were paid after that. On December 20, 1935, the insured died. His death therefore occurred before the loan was payable. The loan value of the policy, $33, was the amount of reserve credited to the insured under the terms of the policy. It is without question that if the loan had not been made the reserve of $33 was sufficient to keep the policy alive some time beyond the death of the insured. The question is whether the making of the loan and default in payment of the premiums after the first of April, 1935, voided the policy.

"The provisions of the policy particularly applicable are, the 'Loan Privilege';

"And a part of the 'Non-Forfeiture Privileges";

"And a part of the 'Loan Agreement,' which are copied in the order stated:

" 'Loan Privilege—At any time after two full years' premiums shall have been paid hereon and while this policy is in full force, The Praetorians will loan the insured upon proper assignment of this policy and on the sole security thereof any amount within the loan value shown in the "Table of Non-Forfeiture Values" opposite the year for which premiums shall have been paid. Interest at the rate of 6% for one year shall be paid in advance or deducted out of the proceeds of the loan, and shall be payable annually in advance thereafter as long as the loan remains unpaid. If interest is not paid when

due, it shall be added to the principal and bear interest at the same rate. No loan made under this provision shall avoid the insurance hereunder unless the loan and other accrued indebtedness hereon shall equal or exceed the cash value when the loan is due or when there is a default in the payment of premiums.'

" 'Non-Forfeiture Privileges—. . . but the extended term period will remain the same as set out in the table, unless the total indebtedness exceeds the reserve, in which event all benefits shall become null and void.'

" 'Loan Agreement—. . . When the aggregate of the principal and interest due on this loan exceeds the pro rate amount of the Guaranty or Reserve Fund of The Praetorians accumulated to this Policy, the Praetorians shall not longer be liable thereon in any manner for benefits, options, paid up or extended insurance or otherwise, but the Policy shall in such event be automatically cancelled.'

"The case therefore is this: The policy of life insurance in force for more than four years; in January, 1935, a loan to the insured of the full amount of the reserve credit to his policy, its loan value, $33, due one year after date; all premiums paid to the first of April, 1935; default in the premiums thereafter; the death of the insured in December, 1935; if the reserve had not been borrowed it is without question that the policy would have been in force. Did the facts of the loan and default in the payment of the premiums forfeit the policy before the death of the deceased? We are of opinion that it did not, although the pertinent provisions of the policy and the loan agreement having to do with the question are somewhat ambiguous. Resolving the doubts, however, in favor of the insured as should be done under the law (Sovereign Camp, W. O. W. v. Thomas, 171 Miss. 99, 157 So. 83, and authorities cited in the opinion), we are of the opinion that the loan agreement took the place of the cash reserve. In other words, to forfeit the policy it was necessary that there be a default in the payment of both

the loan and the premiums before the death of the insured. The loan agreement simply took the place of the reserve. Either one would have kept the policy in force. "Affirmed."