IDA B. CAIN, RESPONDENT, v. SOVEREIGN CAMP WOODMEN OF THE WORLD, APPELLANT.—74 S. W. (2d) 865.

Kansas City Court of Appeals. February 19, 1934.

*George W. Meyer* for respondent.

*Rainey T. Wells* and *Harding, Murphy & Tucker* for appellant.

CAMPBELL, C.—The defendant, a fraternal beneficiary association organized under the laws of Nebraska, in September, 1908, issued

to Burton E. Cain a benefit certificate in the maximum amount of $1000. It is unnecessary to state in detail the terms and provisions of the certificate. Suffice it to say that *by its terms* it had no value save a death benefit. When the certificate was issued the assessment thereon was $1.50 per month. In October, 1917, the assessment was increased to $1.70 per month. In 1919, the defendant having theretofore amended its laws, increased the monthly payment to *$4.68.* The insured, however, did not pay the increased rate but continued to pay $1.70 per month. The difference between $4.68 per month and $1.70 per month was charged as a lien against the certificate. In April, 1929, the certificate was exchanged for a "new certificate" in the sum of $1000 and in which plaintiff's wife was the beneficiary. The monthly payment provided for in the new certificate was $5.95. Of these the insured paid for the months of April, May, June and July, and then defaulted. The insured died August 2, 1930. Thereafter, plaintiff brought this action upon the new certificate. The cause was tried to the court, jury waived and plaintiff had a judgment in the sum of $879.35, from which the defendant has appealed.

The new certificate provided that upon satisfactory proof of the death of the insured while in good standing the defendant would pay to his beneficiary, Ida B. Cain, the sum of $1000, and:

"The non-forfeiture values shall be computed as if this certificate had been issued on the first day of April, 1923. . . . .

"2. Cash Surrender, Loan Value, Paid-Up and Extended Insurance: After thirty-six monthly payments on this certificate shall have been made, should the member fail to pay any subsequent monthly payment, the member, within three months after due date of the monthly payment in default, but not later, upon written application and legal surrender of this certificate, may select one of the following non-forfeiture options:

"Option (a). The cash surrender value set forth in Column 1 of Table A on page 3 hereof for the period to the end of which premiums have been paid in full.

"Option (b). A paid-up certificate for the amount set forth in Column 2 of Table A on page 3 hereof for the period to the end of which premiums have been paid in full.

"Option (c). Extended insurance from such due date, for the amount of the death benefit on page 1 hereof, but without total and permanent disability benefits, for the period specified in Column 3 of Table A on page 3 hereof for the period to the end of which premiums have been paid in full. . . . .

"The cash, loan, paid-up and extended insurance values shall not become available until three years from the date of issue, as set forth on page 1 hereof."

Column 3 of Table A, referred to in Option C, provided that the term of extended insurance at the end of the sixth certificate year was three years and 243 days. The defendant's secretary testified that under the 1919 laws of defendant "and the plan of apportionment and readjustment" the insured was required to pay $4.68 per month, and that on April 1, 1929, the defendant "had on hand on account" of the old certificate a reserve amounting to $167.24. The defendant's records show that it suspended the insured in September, 1929.

The defendant says that the old certificate had no cash, loan, paid-up or extended insurance value, and that the non-forfeiture options were not available to the insured until after he had made thirty-six monthly payments on the new certificate. The contention that the old certificate did not have cash or extended insurance value is not supported by the record. The defendant's evidence was that it had on hand a reserve on account of the old certificate in the sum of $167.24. The reserve of the certificate was its net value. [Jefferson v. New York Life Ins. Co., 152 S. W. 780.] The provision relating to nonforfeiture values says that such values shall be computed as though the certificate were issued on April 1, 1923. This provision is plain and clear in its terms. Under it the insured had extended insurance for the period stated in the table, i. e., three years, 243 days.

The nonforfeiture options say that the nonforfeiture values were not available to the insured until he had made thirty-six monthly payments on the new certificate. Thus, one clause said the value of the certificate should be computed as of April 1, 1923, and the other clause says the value was not available to the insured until he had made thirty-six monthly payments on the new certificate. The insured died in about sixteen months after the new certificate was issued. Hence, were we to sustain the defendant's contentions in respect to the interpretation of the nonforfeiture options we would in result read the nonforfeiture value clause out of the contract, deprive the plaintiff of benefit in the net value of the certificate and allow the defendant to retain said sum of $167.24 which was created by the payments made by the insured under the plan of apportionment and readjustment adopted in 1919.

The nonforfeiture clause was more favorable to the insured than the nonforfeiture options and, therefore, we will enforce the former and disregard the latter. [Daly v. Sovereign Camp, W. O. W., 44 S. W. (2d) 229 (55 S. W. (2d) 743) ; Spencer v. Farmers Mutual Insurance Company, 65 S. W. (2d) 665; Caine v. Physicians' Indemnity Co. of America, 45 S. W. (2d) 904, 908.]

The contention of the defendant in so far as it relates to the interpretation of the certificate, was determined adversely to it in the Daly case, supra. That case was correctly ruled and we will adhere to it.

The defendant says that the answer in the Daly case inadvertently admitted that the old certificate had paid-up or extended insurance value; that in the instant case no such admission was made and that in fact the old certificate had no value. This argument does not take into consideration the evidence of defendant's secretary nor the terms of the certificate sued upon. As stated above, defendant's secretary testified that defendant had on hand on account of the old certificate a reserve, net value, amounting to $167.24. It is apparent that the evidence in this case disclosed a fact which was legally the same as the fact admitted in the Daly case. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.