SOVEREIGN CAMP W. O. W. *v.* EASLEY.

4-3388

Opinion delivered March 5, 1934.

*Arnold & Arnold*, for appellant.

*J. F. Quillin*, for appellee.

MEHAFFY, J. This is a suit on an insurance policy issued to Jesse A. Easley, the husband of appellee and the beneficiary named in the policy. On April 28, 1914, Jesse A. Easley applied to the appellant for membership and for a beneficiary certificate in the sum of $1,000. On May 8, 1914, the certificate was issued to him. On May 1, 1929, Jesse A. Easley, who was at that time 41 years of age, surrendered the certificate for cancellation, and

applied for a new certificate to be issued in exchange for the certificate issued May 8, 1914. Thereupon the appellant issued its certificate in the amount of $1,000 on the twenty-payment-life plan. The appellee was named beneficiary in each certificate. This suit is to recover on the certificate last mentioned.

The case was tried in the lower court by the court without the intervention of a jury on an agreed statement of facts. The court, after hearing the evidence and argument of counsel, entered judgment in favor of appellee in the sum of $911.13 with interest at 6 per cent. from April 25, 1933, to date of said judgment, and interest on the total of principal and interest at 6 per cent. from September 12, 1933. To reverse this judgment, this appeal is prosecuted.

Appellant urges three reasons for reversal. The first question to consider is, as stated by appellant: ''Whether or not any cash values were available to insured under the automatic premium loan feature until thirty-six monthly premium payments had been paid upon said certificate by the insured. Appellant contends that it was a condition precedent to the availability of any of the cash values set out in the table of cash values in said certificate, that there should have been paid thirty-six monthly payments upon said certificate.''

It is admitted by appellant that this case involves a certificate of insurance identical in every respect with the case of the *Sovereign Camp of Woodmen of World* v. *Hardee, ante* p. 542. The court in that case decided against the contention of the appellant, and, inasmuch as the first proposition involved in this case is identical with the case above referred to, it is controlled by that case, and it becomes unnecessary to discuss this first proposition.

Appellant's next contention is that there was not sufficient cash value in said certificate under the automatic premium loan feature to keep it alive from September, 1930, to March 29, 1933, the date on which Jesse A. Easley died. It is admitted that Easley died on that date; that the appellant was duly informed of said death

on April 25, 1933, and denied all liability under said certificate, on the ground, as stated in a letter from appellant, that Easley was suspended October 1, 1930, for the nonpayment of dues and assessments. The appellant alleged that the certificate became null and void on the date of his suspension, and that there was no liability whatever under the certificate. The agreed statement of facts recited that all monthly installments were duly paid on said new beneficiary certificate by the said Jesse A. Easley up to and including the month of August, 1930, and it is further agreed by the parties that, at the time of the death of said Easley, he was in arrears to the appellant for 30 monthly premiums, and that the total amount of said arrears, with compound interest at 5 per cent. per annum, was $88.87.

The original certificate issued to Jesse A. Easley was on May 8, 1914, which was for $1,000. It is further agreed by the parties that the certificate involved in this suit was issued on May 1, 1929, at which time the insured, who was 41 years of age, surrendered for cancellation and substitution the original certificate, and made application for insurance in exchange therefor, a new form twenty-payment-life certificate for the sum of $1,000, with no lien or interest charges against it, and it is agreed that the appellee is the beneficiary.

Appellant contends that appellee, in her calculation, arrives at the amount by departing from the automatic premium-loan provisions, and reverting back to option C, which is the extended insurance feature.

The policy provides that it is effective as to payment period, values and provisions as if issued on May 1, 1927, and the age of the insured is fixed at 39 years. It is contended that the policy lapsed for nonpayment of September, 1930, assessments. The calculations, in order to determine the amount available to pay premiums, must be calculated as if the policy issued on May 1, 1927, and not three years after the date of issue, May 1, 1929. Taking this as the date, May 1, 1927, the values as contended for by appellee are from that date, or three years and four months to the time when payment of premiums ceased. It is agreed that the amount of the arrears is

$88.87, so that, in order to keep the policy in effect, the available values must have equaled that amount at the time of the death of Easley.

The policy provided for a monthly payment of $2.78. It also provided that the cash or loan value at the end of the third year would be $42.95. Under the policy, the cash value increased each month upon the payment of premiums, and the payment up to and including August, 1930, increased the cash value to $50.54. The method of calculation adopted by appellee, which we think is correct, shows that the cash values available to pay premiums or assessments exceeded the amount due from Easley at the time of his death.

The cash value in the certificate must be sufficient to keep the policy alive or it will lapse, but the appellant's third proposition is whether or not the automatic advancement of premiums by appellant, under the automatic premium-loan feature, served to increase or enhance the cash value of the certificate so as to keep it in effect up to the date of insured's death, March 29, 1933.

In order to prevent a forfeiture, automatic advancement of premiums should increase or enhance the cash value so as to keep it alive. All the provisions of the policy must be construed together, and if, when so construed, the automatic advancements increase the amount, it should be considered, and the insured have the benefit of it, so as to prevent a forfeiture. When this is done, it is a mere mathematical calculation as to whether the accumulations equal the $88.87, premiums due.

We think, when the entire provisions of the policy are construed together, the evidence shows that there were sufficient funds available to prevent a forfeiture. The facts in this case are agreed on, and it is purely a question of law.

We find no error, and the judgment of the circuit court is affirmed.