Stephenson, J.
 

 The Court of Appeals found that substantial justice had been done in the case, and for that reason, according to its entry, affirmed the judg
 
 *178
 
 ment of the trial court. A number of errors are assigned by plaintiff in error, as follows:
 

 First, that the trial court erred in not granting the motion of the German Beneficial Union to direct a verdict in its favor, made at the conclusion of plaintiff’s case and renewed at the conclusion of all the evidence.
 

 Second, that the trial court committed reversible error in excluding evidence of arrest for embezzlement and admitted shortage in accounts, as competent evidence to be considered by the jury under the suicide clause of the certificate.
 

 Third, that the trial court committed error in its charge to the jury.
 

 Fourth, that the trial court erred in submitting to the jury the question of the construction of the contract between the insurer and insured.
 

 The suicide defense was abandoned by plaintiff in error, and will not be adverted to in this opinion.
 

 Plaintiff in error claims that the contract in question needed no construction, and we are inclined to the view that such contention is correct.
 

 Plaintiff in error, by some of the verbiage used in the policy, evidently raised some doubt as to the real date of issuance. This is explained by the fact that Joseph Weinfurtner, prior to October 1, 1931, was the holder of Membership Certificate No. 116069, which was surrendered to. the German Beneficial Union on the date that Certificate No. 28150 was issued.
 

 The arrangement of the printed record is calculated to mislead wherein it quotes the contents of the rider and uses the language:
 

 “To be attached to and becoming a part of Certificate No. 28150 issued to Joseph Weinfurtner * * *, which is the principal contract and of which this additional contract is a part.”
 

 A casual reading of the printed record would indicate that the certificate issued October 1, 1931, was a
 
 *179
 
 part of the certificate issued October 1, 1922, and that the October 1, 1922, certificate was the principal contract. This is not true.
 

 No time need be wasted upon the defense that the insured at the time of his death was in default for premium payments, as it is not necessary to the final determination of this case.
 

 The trouble arose in the trial court over the clashing of effective dates. The date of October 1, 1922, was important as affecting the clause in which it was used, and no further. It provided that the payment period and.non-forfeiture values should be the same as if the certificate had been issued on the first day of October, 1922. In all other respects the contract of October 1,1931, is a new and distinct contract. Under .this contract, unless and until all the required payments had been made for a period of three years from and after the effective date of issuance, no rights accrued to Joseph Weinfurtner under the certificate. He died a little more than eight months after the certificate was issued. Consequently he could derive no benefit from the three-year clause unless saved by the provision “Effective as to payment period, and non-forfeiture values as if issued on the first day of October, 1922.”
 

 If October 1, 1922,.is the effective date of issuance, it is necessary to determine the question as to whether or not there was sufficient cash under the table of withdrawal equities to have taken care of the premiums that were in default, for he was in default for four monthly payments, as a matter of fact.
 

 It is insisted that Certificate No. 28150 was issued by the Union for its own benefit. Be that as it may, it was accepted by Joseph Weinfurtner subject to all its conditions and provisions, and constituted his contract with the Union; and unless at the time of his death he had complied with the conditions and provi
 
 *180
 
 sions of such, certificate his beneficiary conld have no right of recovery.
 

 We are cognizant of the rule of law requiring policies to be construed most strongly against the insurer, but we find that this policy needs but little, if any, construction. If as a matter of fact there had been a latent ambiguity in the certificate, it was the duty of the trial court to construe the contract arid not to leave its construction to the jury. We see no prejudicial error in the trial court’s treatment of this phase of the case.
 

 There is nothing in this case calling for the introduction of parol testimony. The certificate constituted the contract between the parties, and nothing could be added to it and nothing could be taken from it by parol testimony as to extraneous facts and circumstances.
 

 The insurer was responsible for the confusion in this contract of insurance, if confusion there was. The language on the first page of the certificate, namely: “Issued this.first day of October, 1931.
 

 “Effective as to payment period, and non-forfeiture values as if issued on the first day of October, 1922” must be considered in connection with the language:
 

 “When all payments required under this certificate shall have been duly made for a period of three years or more from the
 
 actual date of issue hereof, * * *
 
 the member shall be entitled to any one of the following options: (a), (b), (c) or (d).”
 

 The court under this situation must determine which date, October 1, 1922, or October 1, 1931, governs as to the three-year provision. This is not a difficult task when it is remembered that the contract must be construed most favorably toward the insured; hence, we must find that the three years referred to in the non-forfeiture clause began to run October 1, 1922, and the insured was entitled to exercise any one of the options specified in the certificate at any time after October 1, 1922. He died without exercising
 
 *181
 
 either of the options. Then the Union must do as it agreed to do under its automatic premium loan clause, which is an integral part of the non-forfeiture provision, apply the cash value at the date of default to the payment of the defaulted assessments so long as there is money enough to pay one single assessment in the insured’s cash value account. Weinfurtner was, as developed by the record, in arrears for four months; in other words, $8.80. He died June 23, 1932. His policy as to the non-forfeiture feature had been in effect for more than nine years, and reference to the table of withdrawal equities, contained in the certificate under the cash or loan value column, shows that he had $146.32 to his credit.
 

 The principles of law involved in this case are so decidedly, fundamental as not to require authoritative support; hence we cite no authorities.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Bevis and Zimmerman, JJ., concur.