## SOVEREIGN CAMP, W. O. W., v. CARROLL.

### No. 4727.

Court of Civil Appeals of Texas. Texarkana.
June 12, 1935.

Rehearing Denied June 27, 1935.

M. B. Briggs and W. A. McIntosh, both of Gilmer, for appellant.

C. E. Florence and W. W. Sanders, both of Gilmer, for appellee.

JOHNSON, Chief Justice.

The suit is by appellee, Mrs. Ellen Carroll, as plaintiff, against appellant, the Sovereign Camp, W. O. W., a fraternal beneficiary association incorporated under the laws of the state of Nebraska. The action is to recover the death benefit upon a certificate of life insurance in the amount of $500, issued by appellant to Marcus W. Carroll, husband of appellee. Appellant defended on the alleged ground that the insurance had been forfeited and was of no effect on the date of Carroll's death, November 22, 1932, because of his failure to pay the August, 1932, monthly premium before the last day of that month. The appeal is from a judgment in favor of appellee, entered upon a directed verdict.

On December 31, 1904, appellant issued to Marcus W. Carroll its certificate of insurance in the sum of $1,000. On December 31, 1919, the assessment rates on this certificate were increased, with the provision to the effect that if the insured did not pay the new rate, but continued to pay the old rate, he would thereby elect cancellation of monument and old-age disability benefits and charging against his certificate $150 constituting a lien bearing 5 per cent. interest compounded annually from and after December 31, 1919. Carroll continued to pay the old premium rate. On December 31, 1929, said debt and interest against his certificate amounted to $244.33, which reduced its death benefit to $755.67. On January 1, 1930, appellant issued to Carroll a new certificate in the sum of $500, freed of said indebtedness, in consideration of his surrender of all the benefits under the original certificate, "and in the further consideration of the payment to the Association of the sum of $1.96 for the month in which this certificate is dated and the payment to the Association of $1.96 on or before the last day of each month thereafter, except as provided in the nonforfeiture options on page 2 hereof." In the face of the policy is the further pertinent provision: "The non-forfeiture values shall be computed as if this certificate had been issued on the 1st day of January, 1927." In section 3 of the nonforfeiture conditions attached to the policy, it is provided:

"3. Automatic Premium Loan: After thirty-six monthly payments on this certificate shall have been paid, if any subsequent monthly payment be not paid on or before its due date, and if the member has not, prior to such due date, selected one of the options available under the nonforfeiture provisions of this certificate, the Association will, without any action on the part of the member, advance as a loan to the said member the amount of the monthly payments required to maintain this certificate in force from month to month until such time as the accumulated loans, together with compound interest thereon at the rate of five per cent per annum, and any other indebtedness hereon to the Association, equal the cash value hereof at the date of default in the payment of the monthly payments. When the said cash value has been consumed in loans advanced and interest thereon, then this certificate shall become null and void; pro-

vided, that while this certificate is continued in force under this provision, the member may resume the payment of the monthly payments without furnishing evidence of insurability, and the accumulated loans and interest thereon shall become a lien upon this certificate and shall continue to bear interest at the same rate. Provided further, that such lien may be paid in whole or in part at any time by the member, but if not paid said loan and accumulated interest thereon shall be deducted upon any settlement with the member, or from the amount payable at the death of the member."

The table of values reads:

"Table A

"Cash Surrender, Paid-Up and Extended Insurance and Loan Values.

"Available in accordance with the provisions of ths certificate.

"The values given in Columns 1 and 2 are for a certificate having a face value of $1,000.00. As this certificate is for $500.00, the values given in the designated columns will be 1–2 times the amounts written therein. The extended insurance values given in Column 3 apply to this certificate without change, but subject to the conditions stated herein.

"In the actual application of the values printed in this table, consideration will be given to that portion of the year's monthly payments paid over and above the full number of years indicated.

last day of that month rendered the certificate of insurance void and completely terminated insured's rights thereunder because of certain provisions of defendant's constitution reading:

"Section 63. (b) If he fails to make any such payments on or before the last day of the month he shall thereby become suspended, his beneficiary certificate shall be void, the contract between such person and the Association shall thereby completely terminate, and all moneys paid on account of such membership shall be retained by the Association as his liquidated proportionate part of the cost of doing business and the cost of the protection furnished on the life of said member from the delivery of his certificate to the date of his suspension."

Defendant's constitution is made a part of the contract of insurance, and its provisions are to be construed in connection with the terms of the certificate, and the whole harmonized, if possible. To compute the nonforfeiture values specifically granted in the certificate "as if the certificate had been issued on the first day of January, 1927," the end of the fifth certificate year and seven months had passed on August 1, 1932, whereby the certificate had nonforfeiture values sufficient to extend the insurance in effect more than four years without further payment of premiums by insured. To give the provisions of the constitution the meaning and effect contended by defendant would cause

1–1–27

| End of Certificate Year. | Column 1 cash value or Loan Value. | Column 2 Paid-up Insurance. | Column 3 Extended Years. | Insurance Days. |
|---|---|---|---|---|
| 3rd | $ 49.15 | $ 91.00 | 2 | 199 |
| 4th | 75.21 | 136.00 | 3 | 221 |
| 5th | 101.53 | 179.00 | 4 | 183 |
| 6th | 128.07 | 221.00 | 5 | 91." |

Carroll made prompt payment of the required monthly premiums except for the month of August, 1932. The August, 1932, premium was due on or before the last day of that month. It was not paid until September 30, 1932. The September, October, and November, 1932, premiums were promptly paid. Carroll died November 22, 1932.

It is the contention of appellant that the fact alone of insured's failure to pay the August, 1932, premium on or before the

such general provisions to conflict with and render ineffective the specific terms of the certificate granting the nonforfeiting benefits in automatic premium loan and extended insurance. We do not think the language of article 63, section b, of the constitution is susceptible of the construction as meaning an attempt to avoid the special grant of nonforfeiture benefits of the certificate. The provisions of the constitution are in nature and application general. The nonforfeiting provisions in

the certificate are expressly designated as "special provisions and conditions." They constitute specific grants and promises made by the insurer to the insured, and will control over the more general provisions of the constitution. Provident Ins. Co. v. Lemmons (Tex. Civ. App.) 63 S.W.(2d) 392, and authorities there cited; 14 R. C. L. § 109, p. 395.

 Appellant further contends that the special provisions in the certificate "the non-forfeiture values shall be computed as if this certificate had been issued on the 1st day of January, 1927," should be held ineffective until "after thirty-six monthly payments on this certificate shall have been paid," after its issuance. The new certificate was issued January 1, 1930. In providing that its nonforfeiting values should be computed, that is, determined by calculation as if it had been issued on January 1, 1927, the association specially granted the insured in nonforfeiture values the equivalent of 36 monthly payments on the new certificate, in exchange for surrender of his rights under the old certificate. That the rights surrendered under the old certificate constituted adequate consideration for the nonforfeiture benefits of 36 monthly payments granted in the new certificate is not questioned. To sustain appellant's contention that 36 monthly payments had to be made upon the new certificate after it was issued would imply a condition not expressed and which would defeat the express benefits presently granted, and effect a forfeiture of the insurance not otherwise authorized. Forfeitures are not favored in law, and no condition will be implied to defeat a benefit expressly granted if by reasonable construction the forfeiture can be avoided. 24 T. J., § 27, p. 702. The construction which we have placed upon the contract fairly evidences the intention of the parties as gathered from the whole of its provisions and the attending circumstances. We do not think the contract reasonably capable of any other construction. But assuming that appellant's construction may be equally as tenable as that given by us, then of the two interpretations the one more favorable to the insured should prevail. This is a well-settled rule. Daniel v. Modern Woodmen of America, 53 Tex. Civ. App. 570, 118 S. W. 211; David v. Ft. Worth Mutual Benevolent Ass'n (Tex. Civ. App.) 295 S. W. 944; Roth v. Travelers' Pro-

tective Ass'n, 102 Tex. 241, 115 S. W. 31, 132 Am. St. Rep. 871, 20 Ann. Cas. 97; 6 T. J., § 53, p. 483. See Daly v. Sovereign Camp, W. O. W., 226 Mo. App. 629, 44 S.W.(2d) 229; Sovereign Camp, W. O. W., v. Hardee, 188 Ark. 542, 66 S.W.(2d) 648; Daly v. Sovereign Camp, W. O. W. (Mo. App.) 55 S.W.(2d) 743; Higgins v. Sovereign Camp, W. O. W., 224 Ala. 644, 141 So. 562; Jones v. Sovereign Camp, W. O. W., 17 Tenn. App. 315, 67 S.W.(2d) 159; Sovereign Camp, W. O. W., v. Easley, 188 Ark. 1012, 69 S.W.(2d) 273.

Appellee presents the question of waiver based upon appellant's actions in soliciting and accepting payment of the August,. 1932, premium after it was past due. But what has been said determines the case, and we do not think it necessary to discuss the question of waiver.

The judgment of the trial court is affirmed.

HALL, J., disqualified, and not sitting.