## MacDonald *v.* Pennsylvania Mutual Life Insurance Company, Appellant.

Argued April 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*R. P. Leemhuis,* of *English, Quinn, Leemhuis & Tayntor,* for appellant.

*Samuel J. Roberts,* with him *Thomas W. Barber* and *Joseph T. Scarry,* for appellee.

OPINION BY STADTFELD, J., July 10, 1936:

This is an action in assumpsit brought by Marie Mac-Donald against the Pennsylvania Mutual Life Insurance Company.

On December 6, 1928, the defendant issued its written contract of insurance, policy No. 237, to John A. Mac-Donald, therein named the insured, who designated the plaintiff as the beneficiary. The insured was an employe of the company from on or about October 26th, 1925. No premiums were payable by the insured under the policy. The policy contained a schedule of increased benefits payable for continuous service with the defendant and had reached the maximum amount of insurance granted, or $1,000, for continuous service of five years and over.

The policy contained, inter alia, the following provisions: "The only condition required for payment under this policy is that at time of death, the insured shall be in the employ of the Company. The policy becomes void the moment employment is terminated for any cause whatever, and cannot be reinstated."

On February 9, 1932, the insured was in charge of the Erie Office of defendant company as Manager. On that date he became ill and, as a result, died on June 21st of the same year. He had received his regular salary up to and including March 12, 1932. Plaintiff claimed the sum of $1,000 due to her under the terms of the policy.

Defendant denied liability under the policy, claiming that the employment of the insured by the company terminated the end of the week of March 12, 1932, because of his illness and inability to work.

At the trial of the case before the court and a jury, the following evidence, inter alia, was introduced: Under date of May 7, 1932, the insured directed a letter to Charles C. Ewell, General Superintendent of the defendant company, in which the insured inquired as

follows: "Am I considered discharged from the company's services, if not would like to be put on what they call leave of absence with the right to time on service and the continuance of the employe's Policy to be in force during a sick period."

In response to this letter, the insured received a reply under date of May 12, 1932, from Charles M. Towne, Vice President of the defendant company, containing the following: "Answering your inquiry—your protracted illness *made the Managership of Erie vacant. However be assured that when you recover and are able to resume work there will be a position awaiting you."* (Italics supplied).

The insured also received a letter from John J. Coyle, President of defendant company, under date of May 11, 1932, which in part is as follows: "I was not aware that you were not in our employ until receiving your letter. As you know, I was away during the winter and did not return until last month.

*"Be assured that when you recover and are able to work, there will be a position awaiting you."* (Italics supplied).

In addition to the above correspondence, there was also in evidence, plaintiff's Exhibit "C" which is a letter of June 15, 1932, written by D. J. Whalen, Supervisor of defendant company, and addressed to R. A. Stevens, the then Manager of the defendant's Erie office, as follows: "You were very successful in doing this when you were an agent years ago, and if you can imbue same spirit of saving suspensions and securing production to the present agency force, you will indeed make a splendid record *during Mr. MacDonald's absence."* (Italics supplied).

There was likewise in evidence, plaintiff's Exhibit "B," which is a letter under date of June 24, 1932, from Supervisor Whalen to Manager Stevens, which in part is as follows: "Your letter of 6-22 concerning the death

of *our* beloved friend and *employee,* John A. MacDonald, received.

"I deeply regret *his loss* both *as a friend* and *a faithful employee."* (Italics supplied).

It was also proved by the plaintiff and admitted by the defendant that the insured's name continued on the outside of the door of defendant's Erie office with the title "Superintendent", during his illness and for a period of about one month following his death.

The cashier and clerk of the Erie office, in charge of the books and correspondence, testified that there had been numerous changes in the managership since her employment and that it was usually a period of several weeks before the name was changed on the door. She testified that the local "progress" book showing each employee's connection with the office, showed that insured's service was terminated March 7, 1932.

A request, ex parte defendant, for binding instructions was refused. The case was submitted to the jury in a charge which left to the jury to determine whether or not MacDonald was in the employ of the company at the time of his death. No exception was taken to the charge. The jury returned a verdict in favor of plaintiff. A motion for judgment n. o. v. was subsequently overruled in an opinion by ROSSITER, P. J., and judgment entered upon the verdict. From that judgment, this appeal was taken.

The trial judge, in his opinion, refers to a loan of $100 to the insured on May 11, 1932, assumed to have been made on the policy in suit. This loan apparently was made on another policy as the number thereof does not correspond with that in suit. We have, therefore, not taken this loan into consideration in arriving at our conclusion.

As stated in MacDonald v. Metropolitan Life Insurance Company, 304 Pa. 213, 155 A. 491, at p. 218: "A contract of insurance will, if possible, be so construed as

to protect the insured and doubts, if any, will be resolved in his favor."

Appellant in the argument on its behalf states: "Although no money consideration was paid undoubtedly the purpose of this policy was to encourage employees of defendant company to remain in the service of the Company and to prevent the usual high turn-over of life insurance company employees."

The construction for which appellant contends would result in a forfeiture of the policy in case of illness, no difference for how short a period the illness might continue, and notwithstanding that the policy had increased in value at the end of each year by reason of continuous service. This would work not only a hardship on the employee and his beneficiary, but also defeat the very purpose of the policy. If the employment were terminated, it should clearly appear.

On March 14, 1932, Mr. Ray Stevens was appointed Manager of the Erie office. It did not appear for what length of time he was appointed. From the correspondence, the inference might readily be drawn that there was not a termination of employment, but a mere suspension of work during the period of illness and absence by reason thereof.

We do not think that the trial court could, as a matter of law, have declared that the employment of the insured had been terminated. The question was for the jury under all the evidence, and we believe it was sufficient to sustain the verdict.

The assignment of error is overruled and judgment affirmed.