## Wilson v. Sovereign Camp, W. O. W.

(Decided Dec. 18, 1936.)

JOHN G. RYAN for appellant.

RAINEY T. WELLS and H. H. LOVETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

The appeal is from a judgment sustaining a demurrer to, and dismissing, the petition in an action to recover on a certificate of insurance.

The facts relied on for recovery are: On June 13, 1929, the Sovereign Camp, Woodmen of the World, issued to C. H. Palmer a certificate of insurance insuring his life in favor of his daughter, Ruby Wilson. The certificate was issued in substitution of a prior certificate issued to Palmer on May 1, 1926, and called for monthly premiums of $4.80 each. Among other provisions, the certificate contained the following:

"The non-forfeiture values shall be computed as if this certificate had been issued on the 1st day of May, 1926."

"2. Cash Surrender, Loan Value, Paid up and Extended Insurance: After thirty-six monthly payments on this certificate shall have been made, should the member fail to pay any subsequent monthly payment, the member, within three months after due date of the monthly payment in default, but not later, upon written application and legal surrender of this certificate, may select one of the following non-forfeiture options:

"Option (a) the Cash Surrender Value set forth in Column 1 of Table A on Page 3 hereof for the period to the end of which premiums have been paid in full.

"Option (b) A Paid-Up Certificate for the amount set forth in Column 2 of Table A on page 3 hereof for the period to the end of which premiums have been paid in full.

"Option (c) Extended Insurance from such due date, for the amount of the death benefit on page 1 hereof, but without Total and Permanent Disability Benefits, for the period specified in Column 3 of Table A on page 3 hereof for the

period to the end of which premiums have been paid in full.

"If there be any indebtedness against this certificate the cash surrender value set forth in Column 1 of Table A on page 3 hereof shall be reduced thereby, and the value of the options above named shall be decreased proportionately.

"3. Automatic Premium Loan: After thirty-six monthly payments on this certificate shall have been paid, if any subsequent monthly payment be not paid on or before its due date, and if the member has not, prior to such due date selected one of the options available under the non-forfeiture provisions of this certificate, the Association will, without any action on the part of the member, advance as a loan to the said member the amount of the monthly payments required to maintain this certificate in force from month to month until such time as the accumulated loans, together with compound interest thereon at the rate of five per cent per annum, and any other indebtedness hereon to the Association, equal the cash value hereof at the date of default in the payment of the monthly payments. When the said cash value has been consumed in loans advanced and interest thereon, then this certificate shall become null and void; provided, that while this certificate is continued in force under this provision, the member may resume the payment of monthly payments without furnishing evidence of insurability, and the accumulated loans and interest thereon shall become a lien upon this certificate and shall continue to bear interest at the same rate. Provided, further, that such lien may be paid in whole or in part at any time by the member, but if not paid said loan and accumulated interest thereon shall be deducted upon any settlement with the member, or from the amount payable at the death of the member. * * *

"The cash, loan, paid-up and extended insurance values shall not become available until three years from the date of issue, as set forth on page 1 hereof."

Palmer paid the monthly payments up to and including the payment which became due September 30,

1931. After that no payments were made. While living and within 90 days after default in the monthly payments, Palmer applied to the Camp for extended insurance, and his application was rejected. He died August 23, 1934. The extended insurance values, as well as the loan values, were sufficient to extend the certificate beyond the date of the insured's death, and authorize a recovery by the beneficiary.

The lower court held that the nonforfeiture values, such as extended insurance, automatic premium loan values, and the like, were not available until thirty-six monthly payments had been made on the new certificate. It will be seen that the certificate declares "the non-forfeiture values shall be computed as if this certificate had been issued on the first day of May, 1926." It then defines the rights of the member to cash surrender, loan values, paid-up and extended insurance "after thirty-six monthly payments on this certificate shall have been made," and in respect to automatic premium loans "after thirty-six monthly payments on this certificate shall have been made."

In support of the ruling below it is ably argued that, by the very terms of the policy, the cash surrender, loan values, paid-up and extended insurance do not become available until after thirty-six monthly payments have been made "on this certificate," meaning the new certificate, and the provision that the nonforfeiture values shall be computed as if this certificate had been issued on the first day of May, 1926, merely fixes the date to be used as the basis for the purpose of computing nonforfeiture values, and not the date when they should become available. This is the view taken of the question by the Court of Civil Appeals of Texas, sitting at Waco, in Sovereign Camp, W. O. W., v. Alston, 82 S. W. (2d) 710. In reaching that conclusion the court adverted to the fact that the courts of other states had taken a different view of the question, but that it was unable to agree with them. We find that shortly thereafter the Court of Civil Appeals of Texas, sitting at Texarkana, did not follow the ruling in Sovereign Camp, W. O. W., v. Alston, but adopted the majority view. Sovereign Camp, W. O. W., v. Carroll, 84 S. W. (2d) 824. That view is presented in Daly v. Sovereign Camp, W. O. W., 226 Mo. App. 629, 44 S. W. (2d) 229, 232, where the Kansas City

Court of Appeals, in holding that provisions that certificate, though issued June 1, 1929, was to be dated June 1, 1926, and nonforfeiture values were to be computed from latter date, governed not only the basis of computing amount due, but also whether computation should be made, said:

"As to the clauses 'after thirty-six payments,' etc., in the other provisions mentioned, What effect is produced on them by the provision that the certificate, though *issued* on June 1, 1929, is to be *dated* June 1, 1926, and the provision that the nonforfeiture values shall be computed as if the certificate had been issued on June 1, 1926? Certainly these unusual provisions perform some function, and what else can they do except to modify and govern the 'full three years' and the 'thirty-six monthly payments' clauses? It is too narrow a construction to hold that the clause saying the nonforfeiture values shall be computed as if the certificate was issued on June 1, 1926, merely refer to the elements or basis of the computation to be made in case there is legally anything to be computed. As we view it, this clause governs not only the basis and elements of the computation of the amount due, but, together with the one in relation to the date of the certificate, also governs and settles the question of whether there is legally anything to be computed. It means that the certificate is to be treated as if it had been issued on June 1, 1926, and this bears not only on the question of *how* the computation should be made, but also on whether any computation whatever *should* be made. If the clause now under consideration does not include and govern both of these matters, then there is no clause affecting the provision that the policy is to be regarded as issued on June 1, 1926, so as to take away the effect that it would otherwise have on the question whether the certificate is to be regarded as alive when insured died.

"But even if there is some room for defendant's contention in the matter above indicated, clearly the most that can be said is that the contract is vague in this regard and open to two possible constructions, and this is of no avail or com-

636

fort to defendant. It is well settled that, if the terms of the contract of insurance are ambiguous and call for construction, the contract must be given that construction most favorable to the insured. State ex rel. v. Trimble [327 Mo. 899] 39 S. W. (2d) 355, 358; Mathews v. Modern Woodmen, 236 Mo. 326, 343, 344, 139 S. W. 151, Ann. Cas. 1912D, 483; Kimbrough v. National Protective Ins. Ass'n [225 Mo. App. 913] 35 S. W. (2d) 654; Shadley v. Grand Lodge of Brotherhood of R. T., 212 Mo. App. 653, 254 S. W. 363.''

To the same effect is Baumgart v. Sovereign Camp, W. O. W., 127 Neb. 865, 257 N. W. 269; Jones v. Sovereign Camp, W. O. W., 17 Tenn. App. 315, 67 S. W. (2d) 159; Higgins v. Sovereign Camp, W. O. W., 224 Ala. 644, 141 So. 562; Sovereign Camp, W. O. W., v. Hardee, 188 Ark. 542, 66 S. W. (2d) 648; Sovereign Camp, W. O. W., v. Easley, 188 Ark. 1012, 69 S. W. (2d) 273; Sovereign Camp, W. O. W., v. Thomas, 171 Miss. 99, 157 So. 83; Barthel v. Sovereign Camp, W. O. W. (Mo. App.) 93 S. W. (2d) 285; Cain v. Sovereign Camp, W. O. W., 229 Mo. App. 79, 74 S. W. (2d) 865; Benjamin v. Sovereign Camp, W. O. W., 140 Kan. 378, 36 P. (2d) 993; Dudley v. Sovereign Camp, W. O. W., 205 N. C. 394, 171 S. E. 352; Sovereign Camp, W. O. W., v. Batty, 227 Ala. 50, 148 So. 811; Sovereign Camp, W. O. W., v. Harder, 227 Ala. 100, 150 So. 921; German Beneficial Union v. Weinfurtner, 128 Ohio St. 173, 190 N. E. 397. From the foregoing it will be seen that, with the exception of the Waco Court of Civil Appeals of Texas, all the courts are agreed that thirty-six payments on the new certificate are not a condition precedent to the right of the member, or his beneficiary, to the nonforfeiture values provided in the certificate. But, even if we regard that construction, as doubtful, it is clear that the certificate is susceptible of two constructions, and where that is the case we are commanded by a rule of long standing to adopt that construction most favorable to the insured. Fidelity & Casualty Co. of New York v. Hart, 142 Ky. 25, 133 S. W. 996. We are therefore constrained to the view that the nonforfeiture values were available, notwithstanding the fact that thirty-six monthly payments had not been made on the new certificate. It follows that the demurrer to the petition should have been overruled.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.

Whole court sitting, except Judge Richardson.