SOVEREIGN CAMP, WOODMEN OF THE WORLD, v.
MRS. ELLEN CARROLL.

No. 6976. Decided December 8, 1937.
Rehearing overruled February 2, 1938.
(110 S. W., 2d Series, 556.)

*Rainey T. Wells*, of Omaha, Neb., *W. A. McIntosh* and *M. B. Briggs*, of Gilmer, and *Otto Atchley*, of New Boston, for plaintiff in error.

*Florence & Florence*, of Gilmer, for defendant in error.

Under new certificate of life insurance issued December 27, 1929, in consideration of all benefits under old certificate, and containing special provision that nonforfeiture values shall be computed as if new certificate had been issued January 1, 1927, and providing, in printed portion, for automatic premium loan

after thirty-six monthly payments shall have been paid, the thirty-six monthly payments are not required to be made after issuance of new certificate in order to render such provision effective. Rutledge v. Woodmen of the World, 140 Kan. 378, 36 Pac. (2d) 993; Woodmen of the World v. Batty, 148 So. 811; Baumgart v. Woodmen of the World, 127 Neb. 865, 257 N. W. 269.

*Robert W. Dean, Nat Harris* and *Mabel Grey Howell,* all of Waco, filed brief as amici curiae.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

On January 1, 1930, plaintiff in error issued a certificate of life insurance for $500.00 to Marcus W. Carroll, in lieu of a former certificate for $1,000.00. The insured failed to pay his August, 1932, monthly premium installment. He thereafter paid same, but in less than thirty days from the date of such payment he became fatally sick, from which illness he soon thereafter died. Stipulations made a part of his contract of insurance are in part:

"If he fails to make any such payments on or before the last day of the month he shall thereby become suspended, his beneficiary certificate shall be void, the contract between such person and the Association shall thereby completely terminate, * * *.

"Any member who becomes suspended because of the nonpayment of any installment of assessment, if in good health, may within three calendar months from the date of his suspension again become a member of the association by the payment of the current installment of assessment and all installments of assessments which should have been paid to maintain him as a member. Whenever installments of assessments are paid by or for a person who has become suspended for the purpose of again making him a member, such payment shall be held to warrant that he is at the time of making such payment in good health, and to warrant that he will remain in good health for thirty days after such attempt to again become a member, * * *.

"Any attempt by a suspended person to again become a member shall not be effective for that purpose unless such person be in fact in good health at the time and continue in good health for thirty days thereafter, * * *."

Other provisions will be hereafter discussed. Judgment was entered by the trial court for the beneficiary named in said cer-

tificate which was affirmed by the Court of Civil Appeals. See 84 S. W. (2d) 824, where the facts are fully stated. Writ of error was granted because of an alleged conflict with the holdings of the Waco Court of Civil Appeals in the case of Sovereign Camp W. O. W. v. Alston, 82 S. W. (2d) 710. The law point at issue in the two cases, as revealed by an examination of the original application for writ of error in the latter case, was precisely identical. This application reveals that attention was called in said application to the opinion now under consideration as well as to many out of State decisions which are here relied on by defendant in error in this case. Both policies provided in brief for thirty-six monthly payments after date of issuance before the automatic premium loan became operative, and each contained the forfeiture and reinstatement clauses quoted supra. The insured in each case died before making the thirty-six monthly payments and after default of payment in one or more of the monthly installments. In spite of other quoted clauses, the Alston opinion supra holds that the policy had lapsed because the automatic loan value was not available. A precisely opposite conclusion was reached in the Texarkana Court of Civil Appeals in the present case, and we do not feel it necessary to here restate and rediscuss the entire controversy. Suffice it to say that this Court has committed itself to the correctness of the Alston opinion upon the question at issue, and feels bound to follow same. A careful reading of the two opinions supra will sufficiently indicate the scope and general nature of the present controversy and the exact point at issue.

There is no fact issue here in dispute, it being shown conclusively that the insured was stricken with a fatal illness within less than thirty days from the date payment was made of the delinquent installment.

Insured's policy had lapsed, no premium loan being available to him, and his fatal illness prevented its unconditional reinstatement.

Judgments of the trial court and of the Court of Civil Appeals are both reversed, and judgment here rendered for plaintiff in error. Reversed and rendered.

Opinion adopted by the Supreme Court December 8, 1937.

Chief Justice CURETON not sitting.

Rehearing overruled February 2, 1938.