**SOVEREIGN CAMP, W. O. W. v. JOHNSTON.**

No. 1680.

Court of Civil Appeals of Texas. Waco.

March 10, 1938.

Rehearing Denied April 7, 1938.

1194

Seale & Seale, of Centerville, and Rainey T. Wells, of Omaha, Neb., for appellant.

Robt. W. Dean, of Navasota, and Nat Harris and Mabel Grey Howell, both of Waco, for appellee.

ALEXANDER, Justice.

This action was brought by Cora J. Johnston to recover on an insurance certificate in the sum of $2,000, issued by the Sovereign Camp, Woodmen of the World, on the life of William W. Johnston, and payable to plaintiff as beneficiary. In the trial in the district court judgment was rendered for plaintiff, and defendant appealed.

The suit was defended on the ground that the policy had lapsed for the failure to pay monthly dues. The deceased, William W. Johnston, became a member of the fraternity and was issued a beneficiary certificate in the sum of $2,000 in January, 1905. There is no evidence to indicate that this certificate provided for any cash surrender value, nonforfeiture, or other reserve value. Johnston paid the dues, amounting to $1.85 per month, regularly as they matured to December 31, 1919. On that date the fraternity's constitution and by-laws were amended and the dues raised, but instead of paying at the increased rate, the insured elected to continue paying at the old rate of $1.85 per month and to have the difference charged as a lien against the benefits to be paid under his certificate. He paid the $1.85 per month on the certificate, and the lien on his certificate accumulated until May, 1929, when he applied for and was granted the certificate here sued on, an ordinary whole life certificate for the sum of $2,000, in lieu of his old certificate. The new certificate was to be free of the lien and interest charge which had accumulated against the old certificate and required a premium of $7.40 per month. This premium on the new certificate was paid monthly from May, 1929, through June, 1931, after which time no further payments were made. William W. Johnston died June 21, 1932, about a year after he had stopped paying the premiums. Upon trial, the fraternity contended that the certificate had lapsed for the failure to pay premiums, while plaintiff contended that it was still in force by virtue of its automatic premium loan provisions.

The terms of the certificate and the application therefor, and other pertinent facts, are not materially different from those set out in the case of Sovereign Camp, W. O. W., v. Alston, Tex.Civ.App., 82 S.W.2d 710. In that case, under similar facts, we held that the policy had lapsed for failure to pay the monthly premiums. The Supreme Court refused a writ of error therein. The same ruling was adhered to by the Supreme Court in the case of Sovereign Camp, W. O. W., v. Carroll, 110 S.W.2d 556. On the above authorities, we hold that the policy here under consideration had lapsed for failure to pay the premiums, and, as a consequence, the trial court erred in rendering judgment for the plaintiff.

The judgment of the trial court is reversed and judgment is here rendered for the defendant.

GEORGE, J., took no part in the consideration and disposition of this case.