## Reid *v.* Sovereign Camp of Woodman of World, Appellant.

Argued March 19, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Samuel A. Montgomery,* for appellant.

*Malcolm B. Petrikin,* for appellee.

OPINION BY BALDRIGE, J., April 10, 1940:

The plaintiff, the designated beneficiary in a one thousand dollar "Ordinary Whole Life Certificate" issued by the defendant to Franklin L. McKim, brought this suit in assumpsit. After the pleadings were filed, the parties agreed to submit the issues to the court for determination, without a jury, under the provisions of the Act of April 22, 1874, P. L. 109, as amended (12 PS 688 ff).

The stipulation set forth, inter alia, "...... that if the Court find that the cash value of the certificate be enhanced or increased by the monthly installments paid by means of loans advanced to the member under the Automatic Premium Loan provision, then a verdict should be entered in favor of the Plaintiff." The court so found and entered judgment accordingly. Thereupon this appeal by defendant followed.

The certificate required the payment of the monthly sum of $2.99 on or before the last day of each month, subject to certain non-forfeiture options, none of which were exercised.

"Special Provisions and Conditions" set forth on the second page include the following:

"3. AUTOMATIC PREMIUM LOAN: After thirty-six monthly payments on this certificate shall have been paid, if any subsequent monthly payment be not paid on or before its due date, and if the member has not, prior to such due date, selected one of the options available under the non-forfeiture provisions of this certificate, the Association will, without any action on the part of the member, advance as a loan to the said member the amount of the monthly payments required to maintain this certificate in force from month to month until such

time as the accumulated loans, together with compound interest thereon at the rate of five per cent per annum, and any other indebtedness hereon to the Association, equal the cash value hereof at the date of default in the payment of the monthly payments. When the said cash value has been consumed in loans advanced and interest thereon, then this certificate shall become null and void; . . . . . ."

McKim had been a member of the defendant association since October 1, 1926, the date of the certificate, and had paid more than thirty-six monthly installments. On February 15, 1936, he made a cash loan of $159.16. He failed to pay his monthly installment due in October 1936, and made no other further payments prior to his death on April 27, 1937. On November 1, 1936, his loan indebtedness, with interest, was $164.82, leaving at that time the net amount of loan or cash value of $18.87 applicable to his monthly premium payments as they fell due.

On March 12, 1937, the defendant, by letter, informed McKim that the reserve available was sufficient to continue the certificate in force up to and including March 1937, and that the premium loans "have obviated a suspension of your membership and a lapsation of your protection." Notice was given therein that in conformity with the constitution and by-laws of the association, monthly installments must be resumed beginning with the month of March 1937.

Under "Table A" in the certificate the "Cash Surrender, Paid Up and Extended Insurance and Loan Values" are given. It is there stated:

"In the actual application of the values printed in this table, consideration will be given to that portion of the year's monthly payments paid over and above the full number of years indicated."

The cash or loan value of this certificate, as given in this table, at the end of its tenth year, to wit, October 1, 1936, was $183.69, and if eleven years had elapsed it would have been $206.05. It thus clearly appears that if McKim had continued to pay his monthly installments as they fell due, the cash and loan value would have increased each month.

The appellee argues that the cash value of the certificate of the beneficiary was likewise automatically increased each month by the installments paid by the defendant association. Admittedly, if this contention is correct, and we think it is, the cash and loan value would have paid the cash loan with interest, and kept the policy in force until the member's death.

Under the terms of the certificate, McKim could have borrowed the loan value and paid the monthly premiums himself, but he did not elect to do so, instead he resorted to the much simpler and more direct way and permitted the appellant to pay from the money to which he was entitled, the monthly premiums on his certificate. These payments kept the certificate in force with exactly the same effect as if he had taken the loan value from the appellant, put it in his pocket, and paid the installments.

If we adopt the contention of the appellant, viz., that the cash and loan value of the certificate was not increased by the monthly credit entered thereon by the association, the insured and his beneficiary would be deprived, unjustly, of a valuable right under the contract of insurance. As the learned court below well stated:

"To follow the theory of the defendant, the company would be charging the insured a monthly premium based on the rate necessary to carry a whole life policy but, because it is adding nothing to the reserve or cash value, it would only be furnishing him with term protection, which would not require so large a premium. This

would be inequitable and we would only follow it if the language of the policy were so clear that it could not be open to any other interpretation."

Any doubt which may exist as to the construction of the provisions in the certificate should be resolved in plaintiff's favor: *MacDonald v. Metropolitan Life Ins. Co.* 304 Pa. 213, 228, 155 A. 491; *Jeske v. Metropolitan Life Insurance Company,* 113 Pa. Sup. Ct. 118, 130, 172 A. 172; *MacDonald v. Penna. Mutual Life Insurance Company,* 122 Pa. Sup. Ct. 288, 291, 186 A. 234. It is well recognized, also, that a written contract will be interpreted against the party who has drawn it: *Ebbert v. Philadelphia Electric Company,* 330 Pa. 257, 267, 198 A. 323.

Whether the cash value of a certificate issued by a beneficial association is enhanced by the monthly payments advanced by it automatically for the benefit of the member from the cash reserve, as the plaintiff contends, or remains fixed as of the time of the alleged default, as defendant argues, has not been decided in this Commonwealth. The decisions in our sister states are not in harmony on the question. There seem to be only seven cases reported in the country. *Barthel v. Sovereign Camp W. O. W.,* 93 S. W. (2nd) 285 (Missouri, 1936); *Sovereign Camp W. O. W. v. Easley,* 69 S. W. (2nd) 273 (Arkansas, 1934); *Remstedt v. Sovereign Camp W. O. W.,* 112 S. W. (2nd) 889 (Missouri, 1938); and *Sovereign Camp W. O. W. v. Harris,* 114 S. W. (2nd) 449 (Arkansas, 1938), are in favor of the plaintiff's contention. *DeAlmada v. Sovereign Camp W. O. W.,* 67 Pacific (2nd) 474 (Arizona, 1937); *Sovereign Camp W. O. W. v. Howell,* 56 Pacific (2nd) 138 (Oklahoma, 1936); and *Sovereign Camp W. O. W. v. Miller,* 164 Southern 742 (Alabama, 1935) are in favor of the appellant. In all these cases the language of the policies was identical with that involved in this case. We think the reasoning in each case of the first group is the sounder and the conclusion reached therein is correct.

A careful consideration of this interesting question leads us to the conclusion that the learned court below properly entered judgment for the plaintiff on the ground that the cash and loan value increased from month to month as defendant advanced the premiums.

We might add that the plaintiff advanced two further contentions. (1) Notwithstanding the company called itself a Fraternal Beneficiary Association it was actually conducting a life insurance business and was subject to the Act of May 17, 1921, P. L. 682, Article IV, §410 (b), as amended (40 PS 510 b), which requires that the policy shall contain a provision that the insured is entitled to thirty days of grace after the first year, and that as McKim died within thirty days after the lapse alleged by the association the plaintiff is entitled to recover the full amount of the policy, less the loan made thereon and the final monthly premium with interest. A complete answer to that position is that the parties stipulated that the appellant is in fact a "fraternal beneficial association or benefit society." See *Commonwealth v. Equitable Beneficial Association,* 137 Pa. 412, 419, 18 A. 1112. (2) Nor can we accept the argument that the interest on the cash loan ceased in November 1936, the date when the premium loans commenced, as we have held the certificate did not lapse at that time and therefore the cash loan and interest continued.

For the reasons heretofore given the judgment is affirmed.